# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION


SAMUEL WRIGHT, JR.,      )      **CASE NO. 1:19CV1323**

                         )

            **Plaintiff,**      )      **JUDGE CHRISTOPHER A. BOYKO**

                         )

       **vs.**            )

                         )

**CLEVELAND POLICE**      )      <u>**OPINION AND ORDER**</u>

**DEPARTMENT, et al.**      )

                         )

           **Defendants.**     )


<u>**CHRISTOPHER A. BOYKO, J**</u>:

      *Pro se* Plaintiff Samuel Wright, Jr. brings this claim against the Cleveland Police Department, Cleveland Police Office Sean Gorman and the City of Cleveland. (ECF DKT #1). In his brief Complaint, Plaintiff states that on June 7, 2017, he was walking on Euclid Avenue and Defendant Gorman pushed him from behind. Plaintiff asked Gorman why he was pushed and Gorman responded that Plaintiff was to keep moving. A verbal exchange occurred and Plaintiff alleges that Gorman choked him and issued a false citation. (*Id*.). Plaintiff filed a complaint with the Cleveland Police Department but Gorman retired or departed from the Department before Plaintiff's complaint could be investigated. (*See* ECF DKT #1-2).

      Plaintiff filed a motion to proceed with this action *in forma pauperis* (ECF DKT #2), and that motion is granted.

      For the reasons that follow, this action is dismissed.

# I.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief.  *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

Pleadings and documents filed by *pro se* litigants are held to a less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That said, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).  A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers nothing more than legal conclusions or a simple recitation of the elements of a cause of action does not satisfy the pleading standard.  *Id.*

## II.  DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law."  *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**A. Defendant Cleveland Police Department is Dismissed**

Defendant Cleveland Police Department is not a legal entity capable of being sued. *Johnson v. Elyria Police Dep't*, No. 1:06 CV 1912, 2006 WL 3420188, at *1 (N.D. Ohio Nov. 27, 2006) (Police Departments are not sui juris and therefore cannot sue or be sued.) (citations omitted).  Accordingly, Plaintiff fails to state a plausible § 1983 claim against the Cleveland Police Department  and the Department is dismissed from this action pursuant to § 1915(e)(2)(B).

**B. Defendant City of Cleveland is Dismissed**

With respect to defendant City of Cleveland, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id*. at 694.  A municipality may, therefore, be held liable when it unconstitutionally "implements or executes a

policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F .3d 770, 786 (6th Cir. 1999).

To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Here, there are no allegations in that Complaint that identify a custom or policy of the City of Cleveland that caused him injury. Rather, Plaintiff's allegations center entirely on the actions of defendant Gorman. This is insufficient to support a plausible § 1983 claim against the City of Cleveland and the City is dismissed from this action pursuant to § 1915(e)(2)(B).

## C. Defendant Gorman is Dismissed

Plaintiff does not specify the nature of the constitutional violation alleged in his § 1983 claim against Defendant Gorman. Plaintiff only states that he and Gorman were involved in a verbal altercation and Gorman choked him and gave him a false citation. While the Court is required to liberally construe a *pro se* litigants pleadings, it is not required to conjure claims on his behalf. That said, to the extent that Plaintiff is attempting to assert an excessive force claim, he fails to state a plausible claim for relief.

Where, as here, the "'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 771 (E.D. Mich. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Such claims are analyzed under the Fourth Amendment's reasonableness standard. *Id*. (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

4

"At a minimum, 'under the Fourth Amendment's reasonableness standard, excessive force claims generally require at least de minimis physical injury.'" *Youngblood v. City of Paducah*, No. 5:15-CV-00060-TBR, 2016 WL 2643030, at *4 (W.D. Ky. May 6, 2016) (quoting *Rodriguez v. Passinault*, 637 F.3d 675, 687 (6th Cir. 2011)). "The point of the de minimis rule is to make it clear that the Constitution does not become a 'font of tort law' that the federal courts 'superimpose[ ] upon whatever systems' the States already have." *Leary v. Livingston Cty.*, 528 F.3d 438, 445 (6th Cir. 2008) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "Otherwise, every minor touching would become actionable, blurring the lines between the state courts' enforcement of their tort laws and the federal courts' enforcement of the Constitution." *Id.*

In this case, Plaintiff alleges that he and Gorman engaged in a verbal confrontation and Gorman choked him. But beyond this conclusory statement, Plaintiff makes no allegation of any resulting physical effect or injury and therefore, fails to nudge his excessive force claim across the line from conceivable to plausible. *Twombly* 550 U.S. at 570 (to state a claim for relief plaintiff must allege enough facts to nudge his claim across the line from conceivable to plausible). *See also Youngblood*, 2016 WL 2643030, at *4 (Youngblood's excessive force claim during the course of an arrest "must fail because she has not alleged even a de minimis physical injury.") (citing *Graham*, 490 U.S. at 396 ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.")); *Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *9 (E.D. Tenn. Nov. 4, 2009) ("[T]he Court finds that the slight injuries that Smith may have incurred during his arrest, perhaps a few minor bruises and skin abrasions, are de minimis and do not support a claim for money damages

under 42 U.S.C. § 1983 and the Fourth Amendment.") (citation omitted).

To the extent that Plaintiff is alleging an excessive force claim against Gorman under the Fourth Amendment, he fails to state a plausible § 1983 claim for relief and that claim is dismissed pursuant to § 1915(e)(2)(B).

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's motion to proceed *in forma pauperis* is granted (ECF DKT #2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated:** January 10, 2020